# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 22-2300

DAVID CAMARGO GOMEZ; EDITH PONCE CORDERO,
Petitioners,

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A206-072-810, A206-072-811)
Immigration Judge: Tamar Wilson

Before: KRAUSE, FREEMAN, and MONTGOMERY-REEVES, *Circuit Judges*
Submitted under Third Circuit L.A.R. 34.1(a) January 29, 2026;

Decided January 30, 2026

_____

NONPRECEDENTIAL OPINION[*]

KRAUSE, *Circuit Judge*.

Petitioners David Camargo Gomez and Edith Ponce Cordero, who are a married couple and citizens of Mexico, challenge the denial of their application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The Immigration Judge (IJ) concluded that Petitioners failed to show their removal would cause their U.S.-citizen children "exceptional and extremely unusual hardship," *id.* § 1229b(b)(1)(D), and the Board of Immigration Appeals (BIA) affirmed. In this petition for review, Petitioners

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

argue that (1) the IJ and BIA failed to adequately consider the hardship factors in analyzing their cancellation-of-removal claim; (2) the IJ and BIA erred in refusing to admit untimely supplemental evidence; and (3) Petitioners were denied a full and fair hearing before a neutral factfinder, in violation of their Fifth Amendment due process rights. None of these arguments entitles them to relief.

## I. DISCUSSION[1]

### A. Hardship Determination

Our review of an IJ's hardship determination is circumscribed in two ways. First, "[t]he facts underlying any determination on cancellation of removal," including an IJ's findings on "the seriousness of a family member's medical condition," are "unreviewable." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024). We can only review "whether those established facts satisfy the statutory eligibility standard." *Id*. Second, we conduct that review only to ascertain whether "substantial evidence" supports the IJ's conclusion, and under that deferential standard of review, "we will uphold the IJ's determination 'unless any reasonable adjudicator would be compelled to conclude to the

---

[1] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction to review the BIA's decision because the IJ's application of the "exceptional and extremely unusual hardship" standard to the facts is a justiciable question of law under 8 U.S.C. § 1252(a)(2)(D). *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024) (quoting 8 U.S.C. § 1229b(b)(1)(D)). We will review both the IJ's and BIA's decisions where, as here, the BIA "adopts the [IJ's] findings . . . and discusses some of the bases for the IJ's decision" in a reasoned opinion. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004).

contrary.'" *Wilkinson v. Att'y Gen.*, 131 F.4th 134, 142 (3d Cir. 2025) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020)).

Petitioners' argument rests in large part on the hardship that would befall their son if they were deported. The IJ's treatment of the evidence regarding their son, who has insulin resistance, hypothyroidism, anxiety, depressive mood disorder, and other medical conditions, was undoubtedly concerning. For example, the IJ stated that there were "no medical, physical, psychological, or developmental reasons . . . why [the son] [could not] adequately care for himself." A.R. 52. But that finding is at odds with the report of psychologist Dr. Paula Madrid, whose credibility the IJ did not question and who detailed the son's lack of independent functioning. That finding is also contravened by evidence in the timely, credible report from Yanela Stephenson, the children's therapist.[2]

Unfortunately for Petitioners, however, they failed to properly raise the argument that the IJ and BIA did not adequately consider the hardship factors in their petition for review. Their brief contains a heading with that assertion. But the two-paragraph section that follows and the other sections of their brief that mention the hardship determination actually address a different claim—that the IJ erred in denying Petitioners' request to submit supplemental evidence out-of-time. That is insufficient to preserve their hardship argument before our Court. *See Lie v. Ashcroft*, 396 F.3d 530, 532 n.1 (3d Cir. 2005)

---

[2] The IJ expressed some credibility concerns with the evidence Stephenson presented but did not ultimately "make an adverse credibility determination" as to her submissions. A.R. 976.

3

(concluding petitioner forfeited an argument to which she only alluded, in a single paragraph of her briefing); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (noting that, absent extraordinary circumstances, a party abandons any arguments on appeal that he fails to develop in his opening brief).

## B. Exclusion of Untimely Evidence

Petitioners next contend that the IJ erred in refusing to consider their untimely supplemental evidence. IJs have discretion to set deadlines for the submission of documents, subject to relevant local rules. *See* 8 C.F.R. § 1003.31(c) (2019). If a document is untimely filed, the "opportunity to file [it] . . . shall be deemed waived," unless the noncitizen demonstrates "good cause" for filing late "and a likelihood of substantial prejudice from enforcement of the deadline," *Dedji v. Mukasey*, 525 F.3d 187, 191-92 (2d Cir. 2008) (citing 8 C.F.R. § 1003.31(c)). We review the IJ's decision to exclude evidence for abuse of discretion. *Id*.

Petitioners did not show good cause for their delay in filing supplemental evidence. They were notified in June 2018 to file all their evidence by March 11, 2019—30 days before their merits hearing on April 11, 2019. Yet they did not file the supplemental evidence with the Immigration Court until more than two months after that deadline, on May 24, 2019, the day that their merits hearing was scheduled to continue. Even then, Petitioners offered no excuse for their delay, and none is apparent on the face of the documents: the untimely evidence related to their son's existing medical conditions and so presumably would have been previously available at the time of their initial hearing. Under

4

these circumstances, the exclusion of the untimely medical evidence was well within the IJ's discretion.

## C. Due Process Claim

Lastly, Petitioners claim their due process rights were violated. To make out a due process claim, a petitioner must show both that (1) she was denied the "opportunity to be heard at a meaningful time and in a meaningful manner," *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)), and (2) the denial resulted in "substantial prejudice," *Bonhometre v. Gonzales*, 414 F.3d 442, 448 (3d Cir. 2005). In this case, Petitioners failed to establish either prong.

Petitioners' theory that the IJ was biased rests on a false premise. They point to the IJ's statement, made in connection with denying their motion for an enlargement of time for additional expert testimony and submission of updated expert reports, and before Petitioner Gomez had testified: "I haven't had a chance to review any of this and I intend on issuing an oral decision today." A.R. 208. Petitioners reason that "[b]ecause IJs are precluded from issuing an oral decision if the IJ intends on *granting*" cancellation of removal under Executive Office of Immigration Review (EOIR) Regulations, the IJ's statement shows that she had already decided to *deny* their case, before the record even closed. Opening Br. 8-9 (emphasis added) (citing EOIR, U.S. Dep't of Just., Operating Policies and Procedures Memorandum 17-04: *Applications for Cancellation of Removal or Suspension of Deportation that are Subject to the Cap* (Dec. 20, 2017), https://perma.cc/HLX7-LF2D).

The EOIR regulation, however, is inapplicable, because it is triggered only when the statutory annual cap of 4,000 removal cancellations is about to be reached, which Petitioners did not establish was the case here. *Id*.; *see also* 8 U.S.C. § 1229b(e)(1); 8 C.F.R. § 1240.21(c). Nor have Petitioners established that they were denied the opportunity to present evidence or suffered prejudice because of the IJ's statement. Over the course of the hearings, the IJ permitted Petitioners to make their legal arguments and introduce testimony from each of them and their children's psychotherapist. The IJ also admitted into evidence over 600 pages of documentary evidence, encompassing tax returns, country-conditions evidence, and medical evaluations. And the IJ then considered and ruled on the basis of Petitioners' "credible testimony [and] . . . Exhibits 1 through 11," A.R. 49—that is, on the basis of the entire record.

## II. CONCLUSION

For the foregoing reasons, we will deny the petition for review.